### Eckert's Estate.    Eckert's Appeal.

*Will—Construction of— Vested and contingent interest.*

Testator charged upon land the sum of two thousand dollars, the interest to be paid his daughter Mary during her life. He further directed: " The principal sum of the said two thousand dollars and all interest that may have accrued thereon and not been used, applied and appropriated to the care, support and maintenance of my said daughter Mary in her lifetime, I give and bequeath upon her death unto my two sons, Gabriel and Peter, their heirs and assigns." *Held,* that the sons took vested interests in the sum charged upon the land.

Argued May 17, 1893.    Appeal, No. 180, July T., 1892, by Mary Eckert et al., heirs of Peter B. Eckert, deceased, from decree of O. C. Lancaster Co., dismissing exceptions to auditor's report adjudicating estate of Jacob Eckert, deceased. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Exceptions to adjudication.    Before McMULLEN, J.

The auditor's report was not printed in the paper books.

In the appellee's history of the case, the following facts were stated:

Jacob Eckert by his will devised two farms to his sons Gabriel and Peter, and further directed as follows:

" Item. I also charge and create a lien of two thousand dollars upon the said two plantations devised to my sons, Gabriel and Peter, the one half of that sum on each of the said plantations, interest thereon at five per cent per annum to be paid, applied and appropriated by them, their heirs and assigns of the said two plantations, or so much of the said interest as may be necessary, to the maintenance, care and support of my daughter Mary, the wife of Isaac Rife, from time to time as the same may be necessary or required during her life.

" The principal sum of the said two thousand dollars and all interests that may have accrued thereon and not been used, applied and appropriated to the care, support and maintenance of my said daughter Mary in her lifetime, I give and bequeath upon her death unto my two sons, Gabriel C. Eckert and Peter B. Eckert, their heirs and assigns ; the one half thereof unto Gabriel C. Eckert, his heirs and assigns, and the other half thereof unto my son, Peter B. Eckert, his heirs and assigns."

During the lifetime of Mary Rife, who had the life interest in this legacy, her brother, Gabriel, died intestate and without issue. Subsequently Peter B. Eckert made a general assignment for the benefit of creditors to Isaac Bair. His assignee put up at public sale his interest in this legacy and sold it to Uriah Eckert, who was the highest bidder, and who bought it for a fair price and to whom an assignment of it was made in these terms :

" All the right, title and interest, claim, share or portion of the said Peter B. Eckert, under the will of Jacob Eckert, and in all such moneys as were charged (and which are still remaining charged) as a lien by the said Jacob Eckert in and by his said will on certain lands mentioned in the said will, situate in Leacock township aforesaid, the annual interest of which said moneys so charged were by the directions of said will to be applied and appropriated to the maintenance, care and support of Mary Rife, wife of Isaac Rife, during her lifetime," etc.

Subsequently Uriah Eckert transferred this interest to John B. Denlinger, appellee. Peter B. Eckert died, leaving appellants as his heirs.

Mary Rife died and the owners of the land on which the charge rests paid it into court. An auditor was appointed to distribute. He found that the interest of Peter B. and Gabriel

C. Eckert in this legacy was a vested one; that one third of Gabriel's interest passed upon his death to Peter and the whole of Peter's interest, four sixths of the $2,000, passed by assignment to his transferee.

Exceptions to auditor's report by heirs of Peter B. Eckert, deceased, were dismissed by the court. Exceptants thereupon appealed.

*Errors assigned* were dismissal of exceptions, quoting them.

*B. F. Davis, W. H. Roland* with him, for appellants.—The time was annexed to the payment of the legacy. The legacy is therefore contingent: Seibert's Ap., 13 Pa. 501; Eichelberger v. Smyser, 8 Watts, 181; Moore v. Smith, 9 Watts, 403; King v. King, 1 W. & S. 207; Pleasonton's Ap., 99 Pa. 362.

*Brown & Hensel,* for appellees, not heard, cited: Muhlenburg's Ap., 103 Pa. 587; Patterson v. Hawthorn, 12 S. & R. 112; King v. King, 1 W. & S. 205; Reed v. Buckley, 5 W. & S. 517; Buckley v. Reed, 15 Pa. 83; Manderson v. Lukens, 23 Pa. 31; McClure's Ap., 72 Pa. 414; Provenchere's Ap., 67 Pa. 463; Sebastian's Est., 4 Phila. 236; Laguerenne's Est., 39 Leg. Int. 218; Little's Ap., 117 Pa. 27; Mull's Exrs. v. Mull's Admrs., 81 Pa. 393.

PER CURIAM, October 9, 1893:

An examination of the record in this case has failed to convince us that there was any error in construing the will of Jacob Eckert, deceased, or in distributing the fund in question in accordance therewith.

Decree affirmed and appeal dismissed at appellants' costs.